UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THEODORE R. MOLINE,

    Plaintiff,

v.

CITY OF CASTLE ROCK, CASTLE ROCK POLICE DEPARTMENT; CASTLE ROCK FIRE & EMS; ROBERT HEUER, individually and in his capacity as police chief for City of Castle Rock; BRANDON McNEW, individually and in his capacity as a police officer for the Castle Rock Police Department; JAMES QUEEN, individually and in his capacity as a reserve officer for Castle Rock Police Department; ERIC KOREIS, individually and in his capacity as chief of Castle Rock Fire & EMS; KYLE McCOY, individually and in his capacity as captain for the Castle Rock Fire & EMS,

    Defendants.

Case No. C04-5704FDB

ORDER GRANTING MOTION OF DEFENDANTS CITY OF CASTLE ROCK, HEUER, AND KOREIS MOTION FOR SUMMARY JUDGMENT

    The introductory statement of the case herein was set forth in the Court's order granting summary judgment in favor of Defendants McNew, Queen, and McCoy. Robert Heuer is the Castle Rock Chief of Police, the police supervisor, and Eric Koreis is the Castle Rock Chief of Fire & EMS, the paramedic supervisor. Defendants City of Castle Rock (including Castle Rock Police Department and Castle Rock Fire & EMS), Robert Heuer, and Eric Koreis move for summary judgment dismissing Plaintiff's claims against them. Neither Heuer nor Koreis was present at the scene and neither participated in the incident.

ORDER - 1

Municipal liability for civil rights violations requires proof of three elements: (1) a violation of a plaintiff's constitutional rights, (2) existence of a municipal policy or custom of the municipality, and (3) a causal nexus between the policy or custom and the constitutional violation. *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 691 (1978). There is no vicarious liability. *Id.*

The Court has already concluded in addressing the motion for summary judgment for McNew, Queen, and McCoy that there was no violation of Plaintiff Moline's constitutional rights. Neither has Moline demonstrated that a policy or custom was involved in the alleged deprivation of his rights. Moline has failed to support his claim on this summary judgment motion. While Moline alleges inadequate training, such a claim is appropriate only where the failure to train amounts to deliberate indifference to the right of persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). No such evidence has been presented in this case. Moreover, a supervisory official is not liable for the actions of subordinates on a respondeat superior theory under 42 U.S.C. § 1983. *See Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001). It is undisputed that the supervisors herein had no personal involvement in the subject incident with Moline. Consequently, the state law claims fail as well.

NOW, THEREFORE, IT IS ORDERED: The Motion of the City of Castle Rock (including Castle Rock Police Department, and Castle Rock Fire & EMS), Robert Heuer, and Eric Koreis for Summary Judgment is GRANTED, and Plaintiff Moline's claims against them are DISMISSED with prejudice.

DATED this 14th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2